IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RAY BRENT HAMPTON, ) | |
| ) | |
| Petitioner, ) | Civil No. 03-436-JO |
| ) | |
| v. ) | <u>OPINION AND ORDER</u> |
| ) | |
| BRIAN E. BELLEQUE, ) | |
| ) | |
| Respondent. ) | |

C. Renee Manes
FEDERAL PUBLIC DEFENDER'S OFFICE
101 S.W. Main Street, Suite 1700
Portland, OR 97204

  Attorney for Petitioner

Douglas Park
DEPARTMENT OF JUSTICE
1162 Court Street, N.E.
Salem, OR 97301-4096

  Attorney for Respondent

JONES, Judge:

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254, in which he challenges his underlying state convictions for two counts of robbery in the first degree. For the reasons set forth below, the petition for writ of habeas corpus (#2) is denied, and this action is dismissed.

## BACKGROUND

On May 20, 1995, in the early morning hours, petitioner was one of three men who allegedly entered a private residence, attacked and tied up its occupants (holding them at knife- and gun-point), stole a wallet and fled the scene. (Resp't Exs. (#24) at Exhibit #112, p. 2.) Petitioner was indicted for the following offenses: two counts of robbery in the first degree; one count of burglary in the first degree, with a firearm; and one count of criminal mischief in the second degree.

At trial, petitioner was convicted of two counts of robbery in the first degree and one count of burglary in the first degree. (Resp't Ex. 103 at 1.) Subsequently, petitioner was sentenced to ninety months for each count of robbery, to be served consecutively, and thirty-six months for the burglary count, to be served concurrently with the other sentences. Id. Judgment was entered in this matter on March 13, 1997, in Linn County Circuit Court. Id. Petitioner's notice of appeal was timely filed April 14, 1997. Id. at 2. The Oregon Court of Appeals affirmed the trial court's ruling without opinion on February 24, 1999, and the Oregon Supreme Court denied review on July 27, 1999. State v. Hampton, 158 Or. App. 684, rev. denied, 329 Or. 287 (1999).

2 - OPINION AND ORDER

Petitioner next filed for post-conviction relief ("PCR") in state court. The state petition raised several specific grounds for review. However, because petitioner has abandoned his other claims this court will only address petitioner's ineffective assistance of counsel ("IAC") claim.[1] Petitioner claims he was ineffectively represented by trial counsel under section 1, Article 11 of the Oregon State Constitution and the Sixth and Fourteenth Amendments to the U.S. Constitution. According to petitioner, on the day of trial, counsel advised him not to accept a plea offer of ninety months. Allegedly, trial counsel explained that a ninety-month sentence was the longest period of incarceration petitioner could possibly receive from the trial court, although petitioner was actually subject to sentences of ninety months for each of two robbery counts to run consecutively. Petitioner, in fact, received a sentence of 180 months. Petitioner also alleges that he would have accepted the plea offer had he known the true duration of the maximum sentence available to the trial court.

The state PCR court rejected petitioner's IAC claim, stating that the plea offer was not a formal offer and was therefore unenforceable. The court explained that even had it been a formal offer, petitioner "failed to prove that trial counsel's advice was improper and that had . . . counsel advised him differently . . . he would have taken the plea bargain." (Resp't Ex. 124 at 10.) The PCR court explained in both its "Findings of Fact" and "Conclusions of Law" sections

---

[1] Petitioner specifically claims that "Trial Counsel provided ineffective assistance of counsel under Section I, Article 11 of the Oregon State Constitution and the [Sixth] and [Fourteenth] Amendments of the United States Constitution by: . . . [a]dvising the Petitioner no[t] to take the plea bargain of [ninety] months; stating that [ninety] months was not a bargain because the Petitioner would not [receive] any more time than that even if he went to trial and lost." (Resp't Ex. 108 at 6.)

3 - OPINION AND ORDER

of the opinion that "[p]etitioner did not prove any of his claims by a preponderance of the evidence." Id. at 12-13.

Petitioner appealed the PCR court's judgment to the Oregon Court of Appeals. State v. Hampton, 158 Or. App. 684 (1999). The state moved for summary affirmance and the court granted the motion. (Resp't Exs. 127, 129.) The Oregon Supreme Court denied review on February 11, 2003. State v. Hampton, 329 Or. 287 (1999). Petitioner timely filed a petition for habeas corpus relief in this court pursuant to 28 U.S.C. § 2254, in which he raised a single ground for relief based on IAC.

## DISCUSSION

### I.     Petitioner's claims are procedurally defaulted.

In order to properly exhaust state remedies, a state prisoner petitioning for federal habeas corpus relief must have "fairly [presented] his federal claim in the state courts and thereby [given] those courts an opportunity to act on his claim." Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003). This includes the highest court in the state. See Casey v. Moore, 386 F.3d 896 (9th Cir. 2004) ("[T]o exhaust a habeas claim, a petitioner must properly raise it on every level of direct review."). Accordingly, even though review by the Oregon Supreme Court is discretionary, a petitioner must still present his claim to that court in order for it to properly exhaust. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (holding that for exhaustion purposes a state's highest court must be given an opportunity to rule on a claim even where such review is discretionary). In Oregon, local rules permit a petitioner to present his claims to the Oregon Supreme Court using incorporation by reference. See Peterson, 319 F.3d at 1157. See also ORAP 9.20. According to Oregon Rule of Appellate Procedure 9.20, when the Oregon

Case 3:03-cv-00436-JO   Document 73   Filed 09/28/07   Page 5 of 10

Supreme Court allows a petition for review it may choose to limit the questions on review, or "[i]f review is not so limited, the questions before the Supreme Court include all questions properly before the Court of Appeals that the petition or the response claims were erroneously decided by that court." ORAP 9.20(2). In addition, "[t]he parties' briefs in the Court of Appeals will be considered as the main briefs in the Supreme Court, supplemented by the petition for review and any response, brief on the merits, or additional memoranda that may be filed." ORAP 9.20(4). In other words, federal claims need not be explicitly raised before the Oregon Supreme Court so long as "the claim had been briefed in the court of appeals and . . . it was clear "in context" that the petition for review referred to the appellate brief." Peterson, at 1157 (citing Wells v. Maass, 28 F.3d 1005, 1009).

The U.S. Supreme Court addressed the issue of incorporation in Baldwin v. Reese, 541 U.S. 27 (2003). The Court specifically rejected the Ninth Circuit's holding that Oregon Supreme Court justices are *required* to read briefs and opinions from lower courts to determine whether federal claims exist. The Court pointed out that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of the law . . . or by simply labeling the claim federal." Id. at 32. Thus, incorporation of the claims raised before the Oregon Court of Appeals is not automatic. Instead, the petition directed to the Oregon Supreme Court must explicitly indicate the petitioner's desire to incorporate the issues raised in the petition and supporting brief below. "[O]rdinarily a state court prisoner does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . that does not *alert it to* the presence of a federal claim in order to find material, such as a lower court opinion in the case,

5 - OPINION AND ORDER

that does so." Id. (emphasis added). In other words, if the petition does not specifically incorporate by reference the earlier petition or brief, the higher court is not required to look below to discern federal claims.

Here, petitioner alleges that the petition and brief submitted to the Oregon Court of Appeals were properly incorporated into his Oregon Supreme Court petition. However, I conclude that the language of the petition itself is insufficient to incorporate petitioner's federal claims. First, in his prayer for review, petitioner "requests [the Oregon Supreme Court] review the appellate decision in this matter granting the Respondent's Motion for Summary Judgment, affirming without opinion the denial of Petitioner-Appellant's Petition for Post-Conviction Relief. A copy of the decision of the Court of Appeals is attached at Appendix I." (Resp't Ex. 130) As petitioner's request indicates, the Oregon Court of Appeals affirmed without opinion. Therefore, the decision would not indicate with any specificity the grounds for review, and thus would give no notice to the Oregon Supreme Court as to the existence of federal claims. Next, in his question presented, petitioner asks whether the "Court of Appeals [erred] in affirming the trial court's denial [of petitioner's request for PCR relief.]" Id. Again, there is nothing to direct the Oregon Supreme Court to a federal claim or even suggest its existence. Finally, in his statement of facts, petitioner "requests that the court rely upon the facts as set forth [in petitioner's brief.]" Id. Although this portion does reference the appellate court brief, it is not sufficiently specific to incorporate petitioner's federal claims for purposes of exhaustion in state court. Because petitioner did not fairly present his federal IAC claims to the Oregon Supreme Court, it is procedurally defaulted.

**II.    Even if petitioner did not procedurally default, his claim cannot overcome the deference afforded state courts by the AEDPA.**

6 - OPINION AND ORDER

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may deny an application for a writ of habeas corpus, "notwithstanding the failure of the applicant to exhaust [the state court remedies]." 28 U.S.C. § 2254(b)(2). Further, a petition for habeas relief that was adjudicated on the merits in state court will not be granted unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (internal quotation marks omitted). A decision is an "unreasonable application of" Supreme Court precedent if it is more than "incorrect or erroneous" and is, in fact, "objectively unreasonable." Id. at 75. Further, "[i]t is not enough that a federal habeas court in its independent review of the legal question is left with a firm conviction that the state court was erroneous." Id. (internal quotation marks omitted).

Petitioner argues that the PCR court's ruling is not entitled to the deference afforded it by § 2254(d) of the AEDPA for two reasons. First, petitioner argues that the PCR court's legal analysis of the enforceability of the informal plea offer was "contrary to . . . established Supreme Court authority." (Pet'r Reply Br. at 8.) According to petitioner, the Supreme Court has declared the enforceability of plea offers the province of state law and, under Oregon law, oral

7 - OPINION AND ORDER

agreements (including plea agreements) are binding. Second, petitioner argues that the PCR court applied the wrong standard of proof to petitioner's habeas claim. Petitioner alleges that the court applied a "preponderance of the evidence" standard to his ineffective assistance of counsel claim instead of the "reasonable probability" standard articulated in <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984).

     Petitioner must prove that the legal conclusions reached by the state PCR court were not only incorrect, but also that they were objectively unreasonable. <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 365 (2000). As a preliminary matter, petitioner's argument that oral agreements are binding under Oregon law is misapplied here because even if there was an oral offer, there was no oral agreement between two parties. It was not incorrect or objectively unreasonable for the PCR court to conclude that an informal discussion about a proposed plea offer was not commensurate with a formal plea offer. Where there is no formal plea offer on the table, the potential outcome – that petitioner would have received a ninety-month sentence – is too speculative to merit a finding of ineffective assistance of counsel. The PCR court went on to say that "even if this was a formal offer, [p]etitioner failed to prove that trial counsel's advice was improper and that had his counsel advised him differently that he would have taken the plea bargain." (Resp't Ex. 124 at 10.) This court affords deference to the state PCR court in both its findings of fact and conclusions of law. Here, the PCR court concluded that petitioner did not prove the elements required for habeas relief arising from ineffective assistance of counsel. Therefore, because no formal plea offer was in existence and petitioner failed to prove he would have taken it had it been formally offered, the decision of the PCR court was neither incorrect nor objectively unreasonable.

Next, petitioner argues that the state PCR court applied the wrong standard of proof to his conclusions of law, and thus acted "contrary to clearly established [f]ederal law." 28 U.S.C. §2254(d)(1). Petitioner argues that no deference is due the PCR court's findings in this case because it incorrectly applied a preponderance of the evidence to the legal elements of his IAC claim. Generally, in order to prevail on a claim of IAC, petitioner must show both (1) that his attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Supreme Court adapted the Strickland standard to challenges to guilty pleas by holding that a defendant seeking to invalidate his plea based on IAC must "show that (1) his 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Womack v. Del Papa, ___ F.3d ___, 2007 WL 2296781 at *3 (9th Cir. Aug. 13, 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 57-59 (1985)).

Petitioner is correct that the proper standard under federal law is the standard articulated in Strickland and its progeny. However, petitioner is not correct that the state PCR court failed to apply the appropriate standard to petitioner's claim. Petitioner points to the PCR court's opinion where, in the conclusions of law section, the court wrote "[p]etitioner did not prove any of his claims by a preponderance of the evidence." (Resp't Ex. 124 at 13.) I am not persuaded that this demonstrates that the state PCR court applied the incorrect standard. The body of the opinion reads: "Petitioner failed to prove that trial counsel's advice was improper and that had his counsel advised him differently that he would have taken the plea bargain." Id. at 10. This is

9 - OPINION AND ORDER

precisely the standard articulated in Hill.  See 474 U.S. at 57-59.  Petitioner simply failed to provide sufficient evidence to prove the necessary elements of his IAC claim.

It bears noting that a preponderance of the evidence standard is the appropriate standard for factual allegations under these circumstances.  Courts have consistently held that litigants seeking to prevail in a PCR proceeding must prove the facts of their case by a preponderance of the evidence.  See Holland v. Jackson, 542 U.S. 649, 654 (2004); Alcala v. Woodford, 991 (9th Cir. 2003); Davis v. Woodford, 333 F.3d 982, 991 (9th Cir. 2003).  Accordingly, giving deference to the state court decision as required by the AEDPA, I conclude that petitioner's ineffective assistance of counsel claim must be denied.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED and this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 28th day of September, 2007.

      /s/ Robert E. Jones
    ROBERT E. JONES
    U.S. District Judge